UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAPHAEL ROCCO,<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>TERRY ROYAL, et al.,<br><br>　　　　　　Defendants | Case No. 3:25-cv-00581-ART-CLB<br><br>**ORDER**<br><br>**[ECF No. 1]** |

On October 16, 2025, Plaintiff Raphael Rocco filed an application to proceed *in forma pauperis*. (ECF No. 1). Plaintiff's application is incomplete because he did not use the Court's approved form and his financial documents are outdated. (*See id.*) Plaintiff also did not file a complaint. The Court will deny the incomplete *in forma pauperis* application and give Plaintiff until December 22, 2025, to correct both deficiencies.

This Court is aware that Plaintiff filed another lawsuit on October 17, 2025, that includes a complaint, but Plaintiff neither paid the $405 filing fee nor applied to proceed *in forma pauperis* in that action. *Rocco v. Royal et al.*, Case No. 3:25-cv-00586-MMD-CSD ("*Rocco II*"). If Plaintiff did not intend to file two lawsuits, then he must proceed in this earlier-filed lawsuit and should file a notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing his later-filed *Rocco II* action. And Plaintiff should file the notice of voluntary dismissal in *Rocco II*, not this lawsuit.

**I.　　DISCUSSION**

　　**A.　　Plaintiff must file a signed complaint.**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

**B.     Plaintiff must pay the filing fee or file a new application.**

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. *See* 28 U.S.C. § 1915(a)(1), (2); LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

**C.     Plaintiff may not pursue duplicate litigation.**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). District courts have "discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* Additionally, duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (collecting cases).

As stated above, the Court is aware that Plaintiff recently filed two lawsuits with Terry Royal listed as the first defendant but filed only an application to proceed *in forma*

*pauperis* in this action and only submitted a complaint in the other. *See Rocky II*, at ECF No. 1-1. If Plaintiff did not intend to file two lawsuits, then he must proceed in this earlier-filed lawsuit and should file a notice under Rule 41(a)(1)(A)(i) in his later filed *Rocky II* lawsuit voluntarily dismissing it.

## II. CONCLUSION

It is therefore ordered that the incomplete application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice.

It is further ordered that Plaintiff has **until December 22, 2025**, to file a signed complaint.

It is further ordered that Plaintiff has **until December 22, 2025**, to either pay the full $405 filing fee or file a new and complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

The Clerk of the Court is directed to send Plaintiff Raphael Rocco the approved form application to proceed *in forma pauperis* for and inmate with instructions and the approved form for filing a 42 U.S.C. § 1983 complaint with instructions.

DATED: October 21, 2025

_____
UNITED STATES MAGISTRATE JUDGE