UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAPHAEL ROCCO,

Plaintiff,

v.

TERRY ROYAL, et al.,

Defendants.

Case No. 3:25-cv-00581-ART-CLB

ORDER

This action began with a pro se civil rights complaint filed under 28 U.S.C. § 1983 by a state prisoner. Plaintiff has applied to proceed *in forma pauperis*. (ECF No. 4). Based on the financial information provided and considering the passage of time, the Court finds that Plaintiff is unable to prepay the full $405 filing fee in this action. The Court entered a screening order on May 11, 2026. (ECF No. 23). The screening order imposed a 90-day stay and the Court entered subsequent orders in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 23, 25). The parties did not settle. (ECF No. 28).

Before the mediation conference happened, Plaintiff filed a document titled "Motion to Alert of Compromising," arguing that he submitted a copy of the complaint and a completed USM-285 form to the U.S. Marshals Service (USMS) to serve on Dr. Mathew Diken for settlement purposes, but service was not accomplished. (ECF No. 27 at 3, 6). Plaintiff makes vague and confusing references to avoiding abduction "via teleportation satalite [sic][,]" and he believes that non-service happened because "drug cartel" and civil war decedents" are compromising his mail. (*Id.* at 3–4). Plaintiff is mistaken. As the document he submitted correctly states, the USMS did not attempt service because there is no order on the docket directing that to happen. (*See id.* at 6). It appears that Plaintiff used a blank USM-285 form that he received from a source other than the Court in this lawsuit in an effort to have the USMS serve a document. Plaintiff did not have this Court's authorization to do this.

The Court is sensitive to Plaintiff's pro se status, but that status is not a license to abuse the litigation process and ignore the rules and orders of this Court.[1] Plaintiff is cautioned that "pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (citation modified). And because pro se status does not permit litigants to harass others or needlessly clutter already full court dockets, district courts have the inherent power to control their dockets including striking documents, awarding monetary sanctions, dismissing actions, and filing "restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *accord Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (reiterating that district courts' inherent power to control their dockets "includes the power to strike items from the docket as a sanction for litigation conduct" and goes "as far as to dismiss entire actions to rein in abusive conduct").

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Alert of Compromising (ECF No. 27) is **DENIED**.

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. Plaintiff will not be required to pay an initial installment of the filing fee. He is permitted to maintain this action to conclusion without the necessity of prepaying any additional fees or costs or giving security for them. In the event this action is later dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

3. Pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Raphael Rocco, #1020492**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

---

[1] *See, e.g.*, ECF No. 2 at 4 (explaining to Plaintiff that "[t]he Court will order service upon defendants when it is time to do so").

4. The Clerk of the Court will **SEND** a copy of this order to (a) the Finance Division of the Clerk's Office and (b) the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

5. The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's first amended complaint (ECF No. 19) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

6. Service must be perfected within 90 days from the date of this order under Federal Rule of Civil Procedure 4(m).

7. Subject to the findings of the screening order (ECF No. 23), within **21 days** from the date of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does <u>not</u> accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, <u>under seal</u>, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

8. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff will provide the full name <u>and</u> address for the defendant(s).

9. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the first amended complaint (ECF No. 19) within **60 days** from the date of this order.

/ / /

10. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. LR IC 4-1(b); Nev. LR 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate showing proper service when required.

11. This case is no longer stayed.

DATED: August 6, 2026

UNITED STATES MAGISTRATE JUDGE